CHARLES DE RO, APPELLANT, *v.* J. C. CORDES, ADOL-
PHUS STEFFINS AND CHARLES STEFFINS, PART-
NERS, UNDER THE FIRM OF CORDES, STEFFINS & CO., RE-
SPONDENTS.

[1] INSURANCE, EFFECTED THROUGH AGENTS.—The plaintiff, having employed the
defendants to effect an insurance for him on his ship, which they did through
their agents in the City of Hamburg, and there being evidence which tended to
raise the presumption that the insurance money had been received by their
agents, the defendants must be held directly liable to the plaintiff.

IDEM—AUTHORITY OF AGENT.—An agent, to effect an insurance, who retains the
policy, has the authority to collect it, in case of loss, and the presumption is
that he did retain it, especially as he proceeded to collect the money.

NONSUIT, WHEN IMPROPER.—When the evidence, and the presumptions reasonably
arising therefrom, tend to prove the facts in controversy, a nonsuit is improper.
The case should be submitted to the jury.

PLEADING ADMISSIONS.—Under our practice, and that of the common law, a spe-
cific denial of one or more allegations, is held to be an admission of all others,
well pleaded.

APPEAL from the Superior Court of the City of San
Francisco.

In this case the plaintiff brought suit against the defend-
ants to recover the sum of $13,500, alleged to have been
collected and received by them, for the use of the plaintiff,
which, though often demanded, they had refused to pay; it
being the amount of an insurance effected by them on the
ship Mattakesett, for the plaintiff, with certain parties in
the City of Hamburg.

[118]      *The defendants answered, denying specially the
receipt of the money, and the ownership of the
vessel by the plaintiff.

On the trial the plaintiff called Conrad Steffins, the confi-
dential clerk of defendants, who testified that he knew that
plaintiff had directed the defendants to obtain insurance
on the Mattakesett, in Hamburg, for the plaintiff, and that
defendants had ordered J. & C. Cordes there to obtain this

[1] Cited in *Herbert* v. *King*, 1 Mont. 480.

insurance; that one of this firm was also a member of the firm of Cordes, Steffins & Co., in San Francisco. Defendants received a letter from J. & C. Cordes informing them that the insurance money was partly received, to the amount of 18,000 marks banco. (Letter produced.) Witness had also heard Adolphus Steffins, one of the defendants, make the same statements, sometime after the receipt of the letter, that the insurance money had been received, etc.; that the letter stated that 50 per cent. of the insurance money had been paid by rates. (Here there was a dispute about the meaning of the words "gehen ein," it being contended by the defendants that they did not represent a transaction past and completed, but that the money was in course of payment by installments.)

Adolphus Steffins, one of the defendants, being called as a witness, testified that he had received the order for the insurance from the plaintiff; that he had directed J. & C. Cordes, of Hamburg, to effect the insurance, one of whom is one of the defendants; that he had received advices from them that the insurance money was in part paid and received by them; that 18,000 marks banco were to be paid, and that part of the money was coming in by installments; that witness had received the premium from plaintiff; that defendants did not act gratuitously for him, but as brokers, to effect the insurance. Defendants admitted the plaintiff to be the owner of the ship Mattakesett.

The plaintiff here closed his case, and the Court ordered a nonsuit to be entered against him. The plaintiff moved for a new trial, alleging that the Court erred in entering a judgment of nonsuit; that the judgment was contrary to the law and the facts in the case. Motion denied, and plaintiff appealed.

* *Thomas C. Hambley*, for Appellant.     [119]

The receipt of the money by the agent in Hamburg, was the receipt of the principal. (2 Gall. 565.) Its receipt was admitted by one of the defendants, and that binds them,

whether received in point of fact or not. The Court erred in not allowing the question of fact to go to the jury. (Practice Act, § 165.) Every partner is an agent, etc.

*Janes, Doyle & Barber*, for Respondents.

No evidence was offered showing the receipt of the money by defendants; the evidence given rather tended to raise a presumption that J. & C. Cordes had received, or were about to receive it, and hence, to prove a variance; supposing them to have received it, there was no evidence to show that they were the agents of defendants for that purpose; they were merely agents to effect the insurance. Plaintiff showed no demand on the defendants for the money, although this was essential. (5 Cow. 376; 7 Wend, 320; 5 Taunt. 572; 10 Johns. 285; 9 N. H. 359.)

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

It is admitted that the evidence "tended to raise a presumption that the Cordes" of Hamburg had received the money in controversy. This being so, and it appearing beyond dispute that they were the agents of defendants, the latter must be liable directly to the plaintiff. It is argued, however, that although the Cordes of Hamburg were the agents of defendants to effect the insurance, yet it does not appear that they were agents to' collect the money. The rule is, that where the agent to effect insurance retains the policy, his agency continues, and in case of a loss, it extends to the collection or enforcement of the policy. The presumption in this case, is, that the Cordes of Hamburg retained the policy as agents of defendants, especially as it seems they proceeded to collect the money, and corresponded with the defendants on the subject of the collection. The facts, therefore, and the presumptions which might reasonably be drawn from them, were sufficient to entitle the case to go to the jury.

*The last point we will notice is one argued by [120] respondents, to sustain the judgment. They say there was no proof of demand. Under the pleadings, no such proof was necessary. The declaration avers the demand; the answer is not the general issue, but is only a specific denial of two allegations. It denies the collection of the money, and denies that the plaintiff was owner of the ship. Under our practice, and, indeed, under the practice at common law, such an answer is held an admission of all other allegations in the declaration, which are well pleaded.

Judgment reversed, and cause remanded.